**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-003018-MSK-MJW

CLARENCE MOSES-EL,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MITCHELL R. MORRISSEY, Former Denver District Attorney, in his individual capacity;
BONNIE BENEDETTI, Chief Deputy District Attorney for the Denver District Attorney's Office, in her individual capacity;
ROBIN WHITLEY, Former Deputy District Attorney for the Denver District Attorney's Office, in his individual capacity;
LYNN KIMBROUGH, Former Communications Director for the Denver District Attorney's Office, in her individual capacity;
JEFF CARROLL, Investigator for the Denver District Attorney's Office Investigator, in his individual capacity;
DR. KATHREN BROWN-DRESSEL, Former Colorado Bureau of Investigation and Denver Police Department Forensic Serologist, in her individual capacity; and
ESTATE OF JAMES HUFF, Denver Police Department Detective, in his individual capacity,

      Defendants.

---

**NOTICE OF SUPPLEMENTAL AUTHORITY**

---

      Plaintiff Clarence Moses-EL, through his counsel, Gail K. Johnson, Eric K. Klein, and

Aurora L. Randolph of Johnson & Klein, PLLC, hereby notifies the Court of supplemental

authority in support of his responses to Defendants' motions to dismiss.  (Docs. 80, 81, 95.)

Today, the U.S. Court of Appeals for the Seventh Circuit decided *Manuel v. City of Joliet,*

*Illinois*, No. 14-1581, 2018 WL 4292913 (7th Cir. Sept. 10, 2018).

*Manuel* was decided on remand from the United States Supreme Court.  It considered when a Fourth-Amendment claim for wrongful detention without probable cause accrues for purposes of the statute of limitations.  *Id.* at \*\*1-2.  The Seventh Circuit reasoned that "[w]hen a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends."  *Id.* at \*1.  And "the wrong of detention without probable cause continues for the length of the unjustified detention."  *Id.*

The *Manuel* court noted that under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), a prisoner must contest ongoing state custody by a petition for a writ of habeas corpus and not by an action under section 1983 seeking an injunction requiring release.  *Id.* at \*2.  And under *Heck v. Humphrey*, 512 U.S. 477 (1994), section 1983 cannot be used to obtain damages for custody based on a criminal conviction "until the conviction has been set aside by the judiciary or an executive pardon."  *Id.*  The Seventh Circuit then addressed additional Supreme Court precedent extending the *Heck* approach outside the context of seeking damages for custody resulting from a criminal conviction—since, again, the facts of *Manuel* concerned pretrial detention without probable cause.  *Id.*

Applying this body of Supreme Court law, the *Manuel* court held that "§ 1983 cannot be used to contest ongoing custody that has been properly authorized."  Thus, in *Manuel*, the Seventh Circuit concluded that the plaintiff's claim had not accrued until he was released from detention, and because he filed his section 1983 suit within the statute of limitations from that accrual date, his claim was timely.  *Id.*

2

This case supports Mr. Moses-EL's contention that because his claims focus on the continuous wrong of his decades of unlawful incarceration, they are governed by *Heck*, 512 U.S. 477, and they did not accrue until his convictions were vacated.  (Doc. 80 at 4-10; Doc. 81 at 33-35; Doc. 95 at 10-13.)  Because he filed suit within two years of this accrual date, Mr. Moses-EL, like the plaintiff in *Manuel*, "is therefore entitled to a decision on the merits."  *Id*.

DATED this 10th day of September 2018.

Respectfully submitted,

JOHNSON & KLEIN, PLLC

s/ Gail K. Johnson
***Gail K. Johnson***
Eric K. Klein
Aurora L. Randolph
1470 Walnut Street, Suite 101
Boulder, CO  80302
Telephone: (303) 444-1885
Fax: (866) 340-8286
gjohnson@johnsonklein.com
eklein@johnsonklein.com
arandolph@johnsonklein.com
*Attorneys for Plaintiff Clarence Moses-EL*

3

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September 2018, I electronically filed the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michele A. Horn
Melanie B. Lewis
Denver City Attorney's Office
Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
michele.horn@denvergov.org
melanie.lewis@denvergov.org
*Attorneys for Defendants City and County of Denver,*
*Kathren Brown-Dressel, and the Estate of James Huff*

Andrew Ringel
Keith Goman
Matthew Hegarty
Hall & Evans, LLC
1001 Seventeenth St., Suite 300
Denver, CO 80202
ringela@hallevans.com
gomank@hallevans.com
hegartym@hallevans.com
*Attorneys for Defendants Mitchell R. Morrissey,*
*Bonnie Benedetti, Robin Whitley, Lynn Kimbrough, and Jeff Carroll*


s/ Gail K. Johnson
**Gail K. Johnson**

4